UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEPHANIE F. B.,[1]

                              Plaintiff,               **DECISION AND ORDER**

v.                                                    1:22-cv-311-JJM

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

        Plaintiff brings this action pursuant to 42 U.S.C. §§405(g) to review the final determination of the Commissioner of Social Security that she was not disabled.  Before the court are the parties' cross-motions for judgment on the pleadings [7, 9].[2]  The parties have consented to my jurisdiction [11].  Having reviewed their submissions [7, 9, 10], the Commissioner's motion is granted, and plaintiff's motion is denied.

## BACKGROUND

        The parties' familiarity with the 789-page administrative record [6] is presumed. On April 23, 2019, plaintiff filed applications for disability insurance benefits, alleging an onset date of October 11, 2019.  Administrative Record [6] at 16, 127.  Plaintiff complained of anxiety,

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]     Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering.  All other page references are to the CM/ECF pagination.

panic attacks, depression, and bipolar disorder. Id. at 127. Plaintiff's claim was initially denied. Id. at 139.

A.   **The Hearing**

At plaintiff's request, Administrative Law Judge ("ALJ") John P. Costello conducted a telephonic hearing on April 12, 2021. Id. at 16, 84-109.  Plaintiff was represented by an attorney. Id. at 16, 87.

At the hearing, plaintiff testified that she last worked in October 2019 as a customer service representative for a health insurance administrator. Id. at 93-94. She lost that job because of frequent absences relating to her mental health. Id. at 94. She had previously worked as an emergency dispatch operator and a representative at a mortgage call center. Id. at 94-95. Plaintiff was receiving outpatient treatment at BryLin for post-traumatic stress disorder ("PTSD") and panic attacks. Id. at 99. She had panic attacks every morning that would sometimes last the whole day. Id. The attacks would leave her anxious and unable to concentrate. Id. at 100. She was also depressed every day, leaving her lethargic and sleepy. Id. at 101-02. She was taking Ambien and Wellbutrin. Id. at 102-03. She has two school-aged children. Id. at 105.

A vocational expert testified that a person limited to, among other things, simple routine tasks and occasional interaction with supervisors, coworkers, and the general public, could not perform plaintiff's past work. Id. at 106-07. She testified that such a person could, however, perform several unskilled jobs in the national economy. Id. at 107. If that person were further limited to "no interaction" with coworkers, supervisors, and the general public, then she would be unable to perform such employment. Id. She further testified that absences in excess of eight days annually would be work preclusive, as would be any time-off task beyond 10%. Id. at 108.

B.	**The ALJ's Decision**

On May 27, 2021, ALJ Costello issued a Notice of Decision denying plaintiff's claim. Id. at 16-26.  He found that plaintiff had the following severe impairments: generalized anxiety behavior, major depressive disorder, panic disorder, bipolar disorder, schizoaffective disorder, alcohol and cannabis use disorder, and chronic obstructive pulmonary disease ("COPD"). Id. at 18 He assessed plaintiff with moderate limitations in her ability to understand, remember, or apply information; as well as in interacting with others; concentration, persistence, or maintaining pace; and adapting or managing oneself. Id. at 19-20.

ALJ Costello determined that plaintiff retained the residual functional capacity ("RFC") to perform work all exertional levels, except that she was limited to occasional exposure to respiratory irritants, extreme temperatures and humidity; simple routine tasks; and occasional interaction with supervisors, coworkers, and the general public. Id. at 20.

ALJ Costello found that plaintiff was unable to perform past relevant work, but that she could perform various "unskilled" jobs that exist in significant numbers in the national economy. Id. at 29-30. Accordingly, he found that plaintiff was not disabled. Id. at 31.

C.	**The Medical Evidence**

ALJ Costello considered plaintiff's testimony, her treatment history, and the medical opinions of record. Plaintiff was previously deemed disabled for a closed period between April 2016 and 2018. Id. at 26, 114. Plaintiff thereafter continued treatment for depression, anxiety, and COPD. Id. at 21. During treatment, plaintiff's mental health symptoms appeared with differing levels of severity, from none being reported (id. at 468, 531, 547), to "moderate" symptoms (id. at 670), to plaintiff being hospitalized for approximately a week in March 2021 for issues including depression and suicidal ideation. Id. at 22.

-3-

On December 30, 2019, Gregory Fabiano, PhD, performed a consultative examination of plaintiff and opined that she had mild limitations in the ability to understand, remember, and apply simple directions and instructions; moderate limitations in the ability to understand, remember, and apply complex directions and instructions; and marked limitations in the ability interact adequately with supervisors, coworkers, and the public, as well as to regulate emotions, control behavior, and maintain well-being. Id. at 443. Dr. Fabiano assessed plaintiff's demeanor and responsiveness as cooperative, and her manner of relating, social skills, and overall presentation to be adequate. Id. at 442. Plaintiff reported being able to dress, bathe, groom herself, clean, do laundry, and drive, but did not cook, prepare food, or shop. Id. at 443. She spent her days cleaning and caring for her children. Id.

In a February 2020, state agency consultant H. Tzetzo, M.D., reviewed plaintiff's records and opined that she had moderate limitations in the ability to maintain attention and concentration for extended periods, sustain an ordinary routine without special supervision, complete a normal workday and workweek without interruption, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers, respond appropriately to changes in work setting, and to set realistic goals or make plans independently. Id. at 135-37. She had marked limitations in the ability to carry out detailed instructions. Id. at 136.

In August 2020, consultative examiner Janine Ippolito, Psy. D., opined that plaintiff was able to understand, remember, or apply simple and complex directions and instructions without limitation. Id. at 577. Plaintiff had mild limitations in sustaining concentration and performing tasks at a consistent pace. Id. Plaintiff had moderation limitations in using reason and judgment to make work-related decisions; interacting adequately with

supervisors, coworkers, and the public; sustaining an ordinary routine and regular attendance at work; and regulate emotions control behavior and maintain well-being. Id.

In September 2020, state agency consultant L. Dekeon, Psy. D. completed a mental residual function capacity assessment form and a psychiatric review technique form for plaintiff. Id. at 582-601. In the latter, Dr. Dekeon opined that plaintiff had moderate limitations in the ability to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and to adapt or manage oneself. Id. at 599. In the former, she opined that plaintiff had moderate limitations in the ability to understand and remember detailed instructions; maintain attention and concentration for extended periods; sustain an ordinary routine without special supervision; complete a normal work day and work week without interruption; interact appropriately with the general public; accept instructions and criticisms from supervisors; get along with coworkers or peers; and to set realistic goals or make plans independently of others. Id. at 582-83. She indicated that plaintiff had marked limitations in the ability to carry out detailed instructions. Id. at 582.

ALJ Costello found the opinions of the state agency consultants, Dr. Tzetzo and Dr. Dekeon, to be persuasive, consistent with each other, and consistent with a medical record that supports moderate limitations. Id. at 23. He found Dr. Fabiano's opinion partially persuasive, rejecting the portion of his opinion indicating that plaintiff had marked limitations in interacting adequately with supervisors, coworkers, and the public, regulating emotions, controlling behavior, and maintaining well-being, as being unsupported by and inconsistent with the medical record and plaintiff's activities of daily living. Id. He found Dr. Ippolitio's opinion similarly persuasive insofar as she opined of mild and moderate mental limitations. Id. at 23-24.

## ANALYSIS

Plaintiff argues that ALJ Costello failed to adequately address plaintiff's mental health limitations in formulating the RFC, and that he did not properly evaluate Dr. Fabiano's opinion and improperly rejected the disabling portions therein. Plaintiff's Memorandum of Law [7-1] at 1, 9-19.

### A.    Standard of Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York, Inc. v. NLRB, 305 U.S. 197, 229 (1938); *see also* Biestek v. Berryhill, 587 U.S. __, 139 S. Ct. 1148, 1154 (2019); Colgan v. Kijakazi, 22 F.4th 353, 359 (2d Cir. 2022) ("[a]lthough . . . the evidentiary threshold for the substantial evidence standard 'is not high,' . . . the substantial evidence standard is also not merely hortatory: It requires relevant evidence which would lead a 'reasonable mind' to concur in the ALJ's factual determinations").

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. *See* Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

**B.     Did the ALJ's RFC adequately address plaintiff's limitations in concentration, persistence, and pace?**

Plaintiff first argues that ALJ Costello erred by failing to account for plaintiff's moderate limitations in the areas of concentration, persistence, and pace with a specific finding in the RFC. [9-1] at 9-12. She contends that ALJ Costello's limitation of plaintiff to simple unskilled work is insufficient. Id. at 10. I do not agree.

On appeal, "[t]he relevant inquiry is whether the ALJ applied the correct legal standards and whether [his] determination is supported by substantial evidence". Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). The ALJ, not any medical source, is responsible for formulating a claimant's RFC. See 20 C.F.R. §§404.1546(c), 404.1527(d)(2) and §§416.946(c), 416.927(d)(2); Curry v. Commissioner of Social Security, 855 Fed. App'x 46, 48 (2d Cir. 2021) (Summary Order). Accordingly, the RFC need "not perfectly correspond with any of the opinions of medical sources cited in his decision", and the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole". Matta v. Astrue, 508 Fed. App'x. 53, 56 (2d Cir. 2013) (Summary Order); see Schillo v. Kijakazi, 31 F.4th 64, 78 (2d Cir. 2022). Ultimately, "[t]he question is . . . whether the ALJ's conclusion was 'supported by the record as a whole'". Nieves v. Commissioner of Social Security, 2019 WL 4565112, *4 (S.D.N.Y. 2019) (quoting Tricarico v. Colvin, 681 F. App'x 98, 101 (2d Cir. 2017) (Summary Order)).

With respect to plaintiff's argument, "the limitations identified in the 'paragraph B' criteria . . . are not an RFC assessment". SSR 96-8P, 1996 WL 374184, *4 (July 2, 1996); see Sharon J. v. Commissioner of Social Security, 2024 WL 548575, *4 (W.D.N.Y. 2024) ("the special technique used to assess the severity of a mental impairment . . . is 'not an RFC assessment,' and is distinct from the RFC finding"). ALJ Costello indeed assessed plaintiff, at

-7-

step three, with a moderate limitation in the domain of concentrating, persisting, or maintaining pace. [6] at 19. He then tempered that assessment by noting that plaintiff's mental status examinations indicated a logical thought process and unimpaired attention and concentration skills. Id.; see Reeves v. Commissioner of Social Security, 2020 WL 4696589, *3 (W.D.N.Y. 2020) ("the ALJ here cited medical opinions that found Plaintiff had normal or intact concentration"). Nonetheless, in deference to plaintiff's various mental conditions, which under his interpretation of the medical evidence were "moderate", he concluded that plaintiff had "no more than moderate" limitations in this area of functionality. [6] at 19.

Contrary to plaintiff's contention, moderate limitations in the areas of concentrating, persisting, or maintaining pace are generally accommodated by a limitation to performing unskilled, routine work. See, e.g., McIntyre v. Colvin, 758 F.3d 146, 151-52 (2d Cir. 2014) (limitation to "simple, routine, low stress tasks" accounted for moderate limitations in maintaining "concentration, persistence, and pace"); Zabala v. Astrue, 595 F.3d 402, 410 (2d Cir. 2010) (moderate limitations in maintaining concentration "did not limit [plaintiff's] ability to perform unskilled work"); Darnell J. v. Commissioner of Social Security, 2021 WL 1405853, *5 (W.D.N.Y. 2021) ("moderate limitations do not preclude unskilled (simple) work"); Johnson v. Berryhill, 2018 WL 4539622, *6 (W.D.N.Y. 2018) ("limiting Plaintiff to simple, routine tasks . . . accounts for . . . findings regarding Plaintiff's [moderate] difficulties in maintaining attention and concentration, performing complex tasks, and learning new tasks"); Washburn v. Colvin, 286 F. Supp. 3d 561, 566 (W.D.N.Y. 2017) ("[i]t is well settled that a limitation to unskilled work sufficiently accounts for moderate limitations in work-related functioning").

The cases cited by plaintiff do not compel a different result. See, e.g., Steffens v. Colvin, 2015 WL 9217058, *4 (W.D.N.Y. 2015). At most, those cases suggest the ALJ is

required to cite some medical evidence in support of a conclusion that plaintiff can engage in simple, routine tasks despite such limitations. *See* id. ("[p]laintiff points to decisions from other circuits indicating that moderate difficulties in attention and concentration are not properly accounted for by an RFC finding restricting a plaintiff to unskilled or simple work. . . . In this case, however, [medical evidence] specifically noted that, despite deficits in attention and concentration, plaintiff could perform simple (and even complex) tasks"), *citing* Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). Reading ALJ Costello's decision as a whole, he has done so. *See*, *e.g.*, [6] at 19 ("[plaintiff's] mental status examinations indicate that she has logical thought process and unimpaired attention and concentration skills"); *accord* Reeves, 2020 WL 4696589 at *3.

C.  **Did the ALJ's RFC properly evaluate Dr. Fabiano's opinion and reject his marked limitations?**

Plaintiff further argues that ALJ Costello erred in his evaluation of Dr. Fabiano's opinion, particularly with respect to his rejection of marked limitations in plaintiff's ability interact adequately with supervisors, coworkers, and the public, and to regulate emotions, control behavior, and maintain well-being. Plaintiff's MOL [7-1] at 12-19 (*citing* Psychiatric Evaluation [6] at 443). Plaintiff argues that ALJ Costello's determination to partially credit Dr. Fabiano's opinion erroneously credited inconsistent opinions, improperly relied on periods of normal functioning, improperly focused on plaintiff's activities on daily living, and improperly credited the opinions of non-examining agency consultants over the examining experts. [7-1] at 12-17. Again, I do not agree.

As stated above, it is the ALJ, not any medical source, who is responsible for formulating a claimant's RFC. *See* 20 C.F.R. §§404.1546(c), 404.1527(d)(2) and §§416.946(c), 416.927(d)(2); Curry, 855 Fed. App'x at 48. The RFC need "not perfectly correspond with any

of the opinions of medical sources cited in his decision", and the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole". Matta, 508 Fed. App'x. at 56; see Schillo, 31 F.4th at 78. Genuine conflicts in the evidence are for the ALJ to resolve. Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002); see Cage v. Commissioner of Social Security, 692 F.3d 118, 122 (2d Cir. 2012) ("we defer to the Commissioner's resolution of conflicting evidence").

Here, there was varying evidence in the record as to the severity of plaintiff's limitations. While Dr. Fabiano opined that plaintiff had "marked limitations in the ability to interact adequately with supervisors, coworkers, and the public and regulate emotions, control behavior, and maintain well-being" ([6] at 443), the three other mental health experts of record opined that such limitations were only moderate. Id. at 135-37 (H. Tzetzo, M.D.); 577 (Janine Ippolito, Psy.D.); 582, 599 (L. Dekeon, Psy.D). ALJ Costello's decision to credit those qualified opinions as to this specific finding over Dr. Fabiano's was well within his authority. Even if the ALJ's position did not, as it did here, enjoy majority support among the medical opinions of record, plaintiff's "disagreement is with the ALJ's weighing of the evidence, [and] the deferential standard of review prevents us from reweighing it." Krull v. Colvin, 669 F. App'x 31, 32 (2d Cir. 2016).

Substantial evidence supporting ALJ Costello's decision having been established, the remainder of plaintiff's arguments can be dispensed with. Contrary to plaintiff's argument, there is no requirement that the medical opinions of records be wholly consistent with each other before the ALJ may rely upon them. It is well-established that an ALJ need not "explicitly . . . reconcile every conflicting shred of medical testimony". Miles v. Harris, 645 F.2d 122, 124 (2d Cir. 1981). It is merely required that, when the ALJ departs from a medical opinion in a material

way, an adequate explanation is given for doing so. *See* Aponte v. Kijakazi, 692 F. Supp. 3d 257, 265-66 (S.D.N.Y. 2023) ("an ALJ is 'entitled to disregard favorable portions of medical opinions,' as long as the ALJ gives 'logical reasons to support her decision to do so.'"). Plaintiff does not identify any material unexplained inconsistency.

As for the contention that ALJ Costello selectively relied on mental status examinations that were "normal" to the detriment of those instances when her mental health condition was poor, the medical record demonstrates that plaintiff experienced a spectrum of symptomology. *See* [6] at 22, 468, 531, 547, 670. While it would indeed be "error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working" (Estrella, 925 F.3d at 97), it would also be error to require an ALJ to accommodate isolated incidents of poor functionality. An RFC determination represents "the most [plaintiff] can still do despite [her] limitations". 20 C.F.R. §416.945(a)(1); *see also* Barry v. Colvin, 606 F. App'x 621, 622 n. 1 (2d Cir. 2015) (Summary Order); SSR 96-8P, 1996 WL 374184 at *1 ("RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*") (emphasis in original). ALJ Costello properly considered these mental status examinations in the context of a robust record, which included several medical opinions that support his findings.

Finally, ALJ Costello did not err in relying, in part, on plaintiff's activities of daily living (*see*, *e.g.*, Medina v. Commissioner of Social Security, 831 F. App'x 35, 36 (2d Cir. 2020); Darnell J., 2021 WL 1405853 at *7), nor by crediting the opinions of non-examining agency consultants. *See* Linda P. v. Commissioner of Social Security., 2024 WL 1257410, at *8 (W.D.N.Y. 2024) ("[c]ontrary to [p]laintiff's argument, the Commissioner's regulations permit

the opinions of non-examining sources, such as state agency consultants, to constitute substantial evidence in support of the ALJ's decision").

## CONCLUSION

For these reasons, the Commissioner's motion for judgment on the pleadings [9] is granted, and plaintiff's motion [7] is denied.

**SO ORDERED**.

Dated: September 9, 2024

/s/ Jeremiah J. McCarthy
JEREMIAH J. McCARTHY
United States Magistrate Judge